UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TYRONE GREEN,

        Plaintiff,                                  Case No.  1:08-CV-432

v.                                                Hon. Robert J. Jonker

MICHAEL A. COX, Attorney General
of the State of Michigan

        Defendant.
_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

        The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 8), Plaintiff's Objections (docket # 9) and all other pertinent matters of record.  Under the Federal Rules of Civil Procedure, when a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate
> judge's disposition that has been properly objected to.  The district
> judge may accept, reject, or modify the recommended disposition;
> receive further evidence; or return the matter to the magistrate judge
> with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

        The Report and Recommendation recommends dismissal of Plaintiff's case for failure to state a claim following review mandated by the Prison Litigation Reform Act under 28 U.S.C.

§ 1915(a)(3) and 1915A(b). Plaintiff is serving two life prison terms based on his conviction in 1993 in Wayne County Circuit Court on two counts of first-degree murder. His claim in this case is the Attorney General of the State of Michigan, Defendant Michael Cox, is violating his civil rights because the Michigan murder statute under which Plaintiff was convicted is allegedly unconstitutionally vague. Plaintiff seeks no damages, but simply a declaration that the Michigan statute is unconstitutionally vague. As the Magistrate Judge correctly concluded, this is nothing but a repackaged attempt by Plaintiff to challenge the fact and duration of his confinement, and as such, Plaintiff has not stated and cannot state a proper claim for relief under Section 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Plaintiff has filed a series of four objections to the Report and Recommendation, but each of the objections simply asserts in one form or another Plaintiff's claim that he is entitled to bring a facial challenge to the constitutionality of the Michigan criminal statute prohibiting murder. To the extent Plaintiff has any Article III standing to make such a claim, it is because he is currently serving two life terms based on his two counts of conviction for first-degree murder. Accordingly, his claims and objections, however packaged, challenge the fact and duration of his confinement. The Report and Recommendation properly applies *Heck* to reject the purported Section 1983 claim for failure to state a claim.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED THAT** Plaintiff's complaint is DISMISSED for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 1915A(b). This dismissal counts as a strike under 28 U.S.C. § 1915(g). The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated:   September 3, 2008             /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE